ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, November 17, 2022 2:57:39 PM
CASE NUMBER: 2022 CV 05188 Docket ID: 230922495
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# COURT OF COMMON PLEAS
# MONTGOMERY COUNTY

| | | |
|---|---|---|
| **THOMAS SCHUSSLER, M.D.**<br>6830 Trillium Dr.<br>Waynesville, OH 45068 | : <br> : <br> : <br> : | Case No. 2022 CV 05188 <br><br> Judge _____ |
| Plaintiff, | : : : | |
| v. | : : | |
| **GANDHI GI, LLC**<br>c/o Ramesh Gandhi, M.D.<br>7211 N. Main St.<br>Dayton, OH 45415 | : <br> : <br> : <br> : <br> : | **PLAINTIFF'S FIRST AMENDED**<br>**COMPLAINT WITH JURY DEMAND** |
| Defendant. | : | |

Plaintiff Thomas S. Schussler, M.D., complaining of Defendant Gandhi GI, LLC, states as follows:

## PARTIES

1. Plaintiff is a citizen and a resident of the State of Ohio.

2. Defendant is a corporation under the laws of the State of Ohio that provides medical services to patients within the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction, and venue is proper in this county, because the amount in controversy exceeds the jurisdictional minimum for the Court of Common Pleas, and the actions complained of herein took place in Montgomery County.

## FACTUAL ALLEGATIONS

4. Effective October 24, 2020[1], Plaintiff Dr. Thomas Schussler ("Dr. Schussler") entered into a Physician Employment Agreement ("the Agreement") with Gandhi GI, LLC ("Gandhi GI"). (See Ex. 1 attached).

5. Pursuant to the Agreement, Dr. Schussler performed the duties of a Physician.

6. Pursuant to the Agreement, Gandhi GI was to pay Dr. Schussler an annual base salary of $450,000 as compensation for performing his Physician duties, "minus the employee cost of the benefit package chosen by [Dr. Schussler]."

7. The Agreement further specified that on January 1, 2022, Dr. Schussler would be presented with the opportunity to become an owner of Gandhi GI.

8. Dr. Schussler received his salary payments in bi-weekly increments. His average pay amounted to $425,000 on an annualized basis, reflecting the deduction for the employee cost of the benefit package chosen by Dr. Schussler.

9. The representations made to Dr. Schussler regarding his employment were misleading and inaccurate.

10. Because of Defendant's misrepresentations regarding Dr. Schussler's terms of employment, Dr. Schussler declined the opportunity to buy a portion of Gandhi GI.

11. Plaintiff gave the requisite 90-day prior written notice of his resignation as specified in the Agreement.

12. After his resignation, Plaintiff did not receive his last bi-weekly payment owed to him on July 1, 2022.

---

[1] The Agreement includes a typo on the first page referencing October 24, 2021; however, Dr. Gandhi executed the Agreement on October 24, 2020. Dr. Schussler began his employment with Gandhi GI, LLC in early March 2021.

2

13. When Defendant finally issued Dr. Schussler's final paycheck on July 15, 2022, Defendant wrongfully withheld $26,135.17 from it. Defendant owed Plaintiff $31,153.86 for his final 18 days of work, and instead only paid him $5,018.69.

14. In response to Dr. Schussler's inquiries regarding the underpayment, Dr. Schussler learned that Defendant withheld *its portion* of payroll taxes allegedly incurred by Defendant between March 1, 2021 and June 30, 2022 from Dr. Schussler's final paycheck.

15. Pursuant to the clear terms of the Agreement, Defendant's portion of Plaintiff's payroll taxes were not an "employee cost" of the benefit package, and Dr. Schussler did not "choose" or agree to this benefit.

16. Rather, Plaintiff agreed to pay his portion of his payroll taxes, and Defendant was expected to pay its portion.

17. Furthermore, federal law requires employers to pay Social Security and Medicare taxes. By failing to pay its portion of FICA and Medicare contributions on behalf of Dr. Schussler, Defendant violated 26 U.S.C. § 3111.

18. Despite Dr. Schussler's good faith attempts at resolution, Defendant continues to refuse compliance with the Agreement to date.

## COUNT I
### Breach of Contract

19. Plaintiff hereby realleges the foregoing paragraphs as if fully rewritten herein.

20. Plaintiff has fully complied with all terms of the Agreement.

21. Defendant breached the Agreement by wrongfully withholding its portion of payroll taxes it owed to the IRS for Plaintiff's employment and $26,135.17 from Plaintiff's final paycheck.

22. Defendant's actions were intentional, wanton, willful, malicious, and/or in reckless disregard of Plaintiff's rights.

23. As a result of Defendant's breach, Plaintiff has suffered damages for which he is entitled to relief.

## COUNT II
### Breach of Duty of Good Faith and Fair Dealing

24. Plaintiff hereby realleges the foregoing paragraphs as if fully rewritten herein.

25. Plaintiff and Defendant, as contracting parties, owe each other a good faith duty not to deprive the other of the benefits of their contractual Agreement.

26. Defendant has breached its duty of good faith and fair dealing. Gandhi GI offered Plaintiff a Physician position at the agreed upon and specified set salary of $450,000 pursuant to the Employment Agreement. Defendant paid at the rate of $425,000, in an attempt to remove the employee cost of benefits chosen by Dr. Schussler, but then wrongfully withheld Defendant's portion of Plaintiff's payroll taxes as a "benefit," which is both contrary to the Employment Agreement and federal law. 26 U.S.C. § 3111; *Brewery, Inc. v. United States*, 233 F.3d 589, 591 (6th Cir. 1994). Defendant further breached its duty of good faith and fair dealing by denying Plaintiff his full final paycheck to which he was entitled by withholding an additional $26,135.17 in contravention of R.C. § 4113.15.

27. Defendant's actions were intentional, wanton, willful, malicious, and/or in reckless disregard of Plaintiff's rights.

28. As a direct result of Defendant's conduct, Plaintiff has suffered damages for which he is entitled to relief.

## COUNT III
### Ohio Wage and Hour Violation

29. Plaintiff hereby realleges the foregoing paragraphs as if fully rewritten herein.

30. Defendant failed to pay Dr. Schussler wages for hours worked and wrongfully withheld expenses from his pay in violation of R.C. § 4113.15.

31. Defendant's actions were intentional, wanton, willful, malicious, and/or in reckless disregard of Plaintiff's rights under Ohio law.

32. As a direct result of Defendant's conduct, Plaintiff has suffered damages for which he is entitled to relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas Schussler, M.D., demands the following relief:

a) That Defendant be enjoined from further unlawful conduct as described in the Complaint;

b) That Plaintiff be awarded all lost wages and benefits;

c) That Plaintiff be awarded compensatory damages;

d) That Plaintiff be awarded punitive damages;

e) That Plaintiff be awarded pre-judgment and post-judgment interest;

f) That Plaintiff be awarded reasonable attorneys' fees and costs; and

g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ *Katherine Daughtrey Neff*
Katherine Daughtrey Neff (0082245)
Trial Attorney for Plaintiff
FREKING MYERS &REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*kneff@fmr.law*

## JURY DEMAND

Plaintiff demands a jury trial on all claims eligible to be tried to a jury.

/s/ *Katherine Daughtrey Neff*