# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS SCHUSSLER, M.D., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-372 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| GANDHI GI, LLC, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendant. | : | |

### ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE (DOC. NO. 10)

This matter is before the Court on Plaintiff Thomas Schussler, M.D.'s Motion for Dismissal without Prejudice ("Motion") (Doc. No. 10).  Defendant Ganhi GI, LLC ("Defendant") opposes the motion and requests alternate relief.  For the reasons discussed below, the Court **GRANTS, IN PART, AND DENIES, IN PART**, the Motion and requires Plaintiff and Defendant to make filings in accordance with this order's CONCLUSION section.

**I.      BACKGROUND**

Plaintiff initially filed this action in Montgomery County Common Pleas Court on November 15, 2022.  (Doc. No. 1-3 at PageID 8).  On November 17, 2022, Plaintiff filed his First Amended Complaint, which alleges claims for breach of contract, breach of duty of good faith and fair dealing, and Ohio wage and hour violations.  (Doc. No. 1-3 at PageID 31-35).  Plaintiff's Amended Complaint alleges that Defendant wrongfully withheld a substantial sum of money from his final paycheck by alleging it withheld payroll taxes incurred over the course of three months.  (*Id*. at PageID 33.)

Defendant removed this action to this Court on December 19, 2022 (Doc. No. 1) and filed their answer on December 20, 2022 (Doc. No. 5.) In its removal, Defendant argues that Plaintiffs claims fall under the Federal Insurance Contributions Act ("FICA") and, consequently, constitute a federal question. (Doc. No. 1 at PageID 2-3.)

On January 27, 2023, Plaintiff filed the present Motion. (Doc. No. 10.) Defendant filed its opposition on February 24, 2023 (Doc. No. 12) and Plaintiff filed his reply on March 10, 2023 (Doc. No. 13). The Motion is ripe for decision.

II. **ANALYSIS**

In the Motion, Plaintiff seeks to dismiss the action, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 10.) In the Motion, Plaintiff seeks to dismiss the action in order to take time to evaluate his options in light of Defendant's removal and the arguments made therein. (Doc. No. 10 at PageID 95.) Plaintiff argues that Defendant will not be prejudiced because the case has not yet begun discovery, no deadlines have been set, and no motion for summary judgment has been filed. (*Id*. at PageID 96.) Plaintiff further argues that it has not acted with excessive delay and Defendant will not suffer "plain legal prejudice" as a result of a dismissal. (*Id*. at PageID 97.) Plaintiff also asks the Court to toll the statute of limitations for one year following entry of this order. (*Id*. at PageID 95.)

In response, Defendant argues that this matter should either be dismissed with prejudice or "the Court should condition such dismissal on the requirement that any refiling by Plaintiff take place in this Court." (Doc. No. 12 at PageID 101.) Defendant argues that this case should not be dismissed without prejudice because Plaintiff has failed to provide a sufficient explanation for the need for a dismissal. (*Id*. at PageID 106.) It further argues that a dispositive motion is forthcoming because Plaintiff failed to exhaust his administrative remedies and his state law claims are preempted by federal law. (*Id*. at PageID 107.) Defendant further argues that Plaintiff has not met

2

its burden showing it is entitled to equitable tolling of the statute of limitations. (*Id*. at PageID 108.)

### A. <u>Voluntary Dismissal Without Prejudice</u>

"Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that, "[u]nless the order states otherwise, a dismissal under this [subsection] is without prejudice." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

"A plaintiff who moves to dismiss its action via court order … is subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it deems necessary." *Id.*; *see also Bridgeport Music*, 583 F.3d at 954 ("[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice"). "While such conditions often involve the payment of costs incurred by a defendant," the payment of defense costs is not required for voluntary dismissal under Rule 41(a)(2). *Bridgeport Music*, 583 F.3d at 954.

A district court will abuse its discretion by granting a motion to dismiss without prejudice under Rule 41(a)(2) only if "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (internal quotation marks omitted). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense

3

of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* A court need not resolve every factor in favor of the moving party to find a dismissal without prejudice is warranted, or vice-versa. *See Wellfount*, 951 F.3d at 774 (motion is subject to the discretion of the district court).

When an action is dismissed <u>without</u> prejudice, a court may "permit allowance of attorney's fees against the dismissing party." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *see also Massey v. City of Ferndale*, No. 96-1386, 117 F.3d 1420 (Table), 1997 WL 330652 (6th Cir. June 16, 1997) (affirming district court's order that conditioned plaintiff's request for voluntary dismissal without prejudice on the payment of the defendant's fees and costs). The purpose of imposing payment of the defendant's attorney's fees would be "to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." *Smoot*, 353 F.2d at 833. In contrast, if action is dismissed <u>with</u> prejudice, then attorney's fees generally would not be allowed because a dismissal <u>with</u> prejudice "finally terminates the cause and the defendant cannot be made to defend again." *Id.*

Therefore, it may be reasonable for a court to condition a voluntary dismissal without prejudice upon the payment of the opposing party's costs and fees. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 632 (6th Cir. 2000); *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 972 F.2d 348 (Table), 1992 WL 172129, at *1 (6th Cir. July 22, 1992) (where the defendant "had incurred some expenses and fees that could not be used in subsequent litigation between the parties … it was altogether appropriate for the district court to condition a dismissal without prejudice on the [plaintiff's] payment of [defendant's] reasonable costs and fees"). However, if a court decides to impose attorney's fees and costs against a party seeking to dismiss its own action, then—prior to

imposing such fees and costs—the court should give that party notice of the approximate amount of money for which it would be responsible and afford the party an opportunity to withdraw the request to dismiss its own action. *See Duffy*, 218 F.3d at 630-31 (where the district court should have considered whether counsel, not the party, was responsible for paying such fees and costs, "due process appears to require that [the party's counsel] have notice and an opportunity to be heard before the district court could require them to pay" the opposing party's fees). In other words, the court should inform the moving party "of the specific conditions that would be placed on their dismissal and given the opportunity to withdraw the motion if they found those conditions to be too onerous." *Duffy*, 218 F.3d at 631.

If payment of costs and attorney's fees is a condition for dismissal without prejudice, then a court "may choose to hold a hearing, request additional briefing, or use whatever other procedure it deems appropriate in the exercise of its discretion, to obtain the information and evidence necessary to its determination" of the amount. *Spar Gas*, 1992 WL 172129, at *3; *see also Duffy*, 218 F.3d at 631-32. In determining the appropriate amount, a court should ask "whether, even though reasonable, [the costs and attorney's fees] were appropriate and necessary to compensate the defendants for the harm which they would suffer if the dismissal without prejudice were granted." *Spar Gas*, 1992 WL 172129, at *2. A court should "identif[y] which fees and costs represented work that could not be used in a subsequent lawsuit by" the plaintiff or were otherwise "necessary to protect the defendant from harm resulting from the dismissal without prejudice." *Id.* Finally, the court "must at least state the reasons for [any] award of fees." *Id.* at *3.

### B. Application

Here, in assessing the Motion, the Court finds that Defendant will not "suffer plain legal prejudice as a result of a dismissal without prejudice." *Grover*, 33 F.3d at 718. As shown below, the *Grover* factors weigh in favor of dismissal without prejudice. Therefore, the Court will grant

5

the Motion, with one condition explained below.

Regarding the first factor, this case is still in its preliminary phases and the Court has yet to issue a scheduling order, the parties have not engaged in discovery, and, at the time of the filing of this motion, the case had been pending in this Court for slightly over one month. Therefore, the first *Grover* factor weighs in favor of granting Plaintiff's Motion. *See Price v. Biomet Microfixation, LLC*, No. 1:14-cv-222, 2015 U.S. Dist. LEXIS 155, at *4, 2015 WL 58774, at *2 (S.D. Ohio Jan. 5, 2015) (Granting voluntary dismissal, in part, where the case was still in its early stages).

As to the second factor, Plaintiff has not caused any excessive delays in the prosecution of this action. While Plaintiff sought, and was granted, an extension of time to file a motion to remand, Plaintiff filed this Motion before the expiration of that extension. The Court finds that the second *Grover* factor weighs in favor of granting Plaintiff's Motion.

Regarding the third factor, Plaintiff states that he needs time to consider "all of his available options for recovering damages." (Doc. No. 10 at PageID 95.) Defendant argues that the third factor weighs in its favor because Plaintiff's explanation, "appears to be a reference to forum shopping." (Doc. No. 12 at PageID 106.) This argument is purely speculative and does not serve as a proper ground to deny the motion. *Fuqua v. Norfolk Southern Ry. Co.*, No. 3:07-cv-385, 2008 U.S. Dist. LEXIS 35740, at *4, 2008 WL 1930030, at *2 (E.D. Tenn. Apr. 30, 2008) (citing *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007)).

Plaintiff's explanation is not entirely satisfactory, however. Plaintiff filed this dismissal in order to evaluate his options in light of Defendant's FICA defense. While it may be appropriate for a party to seek voluntary dismissal to perform a cost-benefit analysis, *See Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 408 (6th Cir. 2017), the Court finds it difficult to apply that

6

rationale to a situation where a plaintiff has simply been surprised by a legal defense. Therefore, the Court finds that the third *Grover* factor does not weigh in either party's favor.

Regarding the fourth factor, no motion for summary judgment has been filed. Defendant argues that a dispositive motion is forthcoming and that it has made this clear in its removal paperwork and affirmative defenses. (Doc. No. 12 at PageID 107.) Yet Defendant also states that it will only be in a position to file a dispositive motion "once a record (albeit a small one) is made of this fact." (*Id*. at Fn. 3.) The Court is not inclined to speculate as to whether Defendant will actually be able to file a dispositive motion in the near future. The simple fact is that no dispositive motion is currently pending before this Court. Therefore, the fourth *Grover* factor weighs in favor of granting Plaintiff's Motion.

The Court's analysis is not finished there, however. The Court may determine whether it is reasonable to condition a voluntary dismissal without prejudice upon the payment of the opposing party's costs and fees. *Duffy*, 218 F.3d at 632. As this Motion and Plaintiff's need to evaluate his options was prompted by Defendant's removal to federal court and its invocation of defenses based on federal law, it is only reasonable that Plaintiff bear the cost of the removal that forced the issue. Therefore, the Court will condition Plaintiff's dismissal upon paying the Defendant's removal filing fee of $402. Of course, Plaintiff has the option to withdraw this Motion in light of the Court's imposed condition. *See Duffy*, 218 F.3d at 630-31.

### C. Equitable Tolling

Plaintiff requests an order from this Court, "equitably tolling his statute of limitations for one year following entry of an Order dismissing his case." (Doc. No. 10 at PageID 95.) "'The party seeking equitable tolling bears the burden of proving he is entitled to it.'" *Kim v. Brennan*, 2016 U.S. Dist. LEXIS 134622, *9, 2016 WL 5468301 (S.D. Ohio Sep. 29, 2016) (quoting

7

*Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).  Aside from Plaintiff's request on the first page of the motion, Plaintiff never reiterates its request for tolling the statute of limitations or provides any legal support for its position.  Therefore, the Court denies Plaintiff's request to toll the statute of limitations.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiff's Motion for Dismissal Without Prejudice (Doc. No. 10).  The Court denies Plaintiff's Motion to the extent it seeks to toll the statute of limitations.  The Court **ORDERS** Plaintiff to pay Defendant's removal filing fee of $402 and file proof of payment of the filing fee within 30 days.  The Court will then enter a separate order based on the completion of this condition.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 21, 2023.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE